IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK S. MOSKOWITZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05 C 7172 |
| ) | |
| BOARD OF EDUCATION OF THE CITY OF ) | Judge John A. Nordberg |
| CHICAGO, a Municipal Corporation, ARNE ) | |
| DUNCAN, Chief Executive Officer, and ) | |
| MICHAEL W. SCOTT, Board President, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT SCOTT'S ANSWER
### AND AFFIRMATIVE DEFENSES AND JURY DEMAND
### TO PLAINTIFF'S COMPLAINT
### FOR ADMINISTRATIVE REVIEW AND OTHER RELIEF

Defendant Michael Scott ("Scott") by and through his attorneys, submits the following Answer and Affirmative Defenses to plaintiff's Complaint for Administrative Review and Other Relief ("Complaint"):

### First Defense

To the extent plaintiff is entitled to recover damages, his recovery should be limited to the extent that he failed to properly mitigate his damages.

### Second Defense

Plaintiff is not entitled to recover any attorneys' fees.

### Third Defense

At all times material to the events alleged in the Complaint, Scott was a government official, namely the President of the Board of Education of the City of Chicago, who performed discretionary functions. At all times material to the events alleged in the Complaint, a reasonable government official objectively viewing the facts and circumstances that confronted him and having the information that he possessed could have believed his actions to be lawful and not in violation of any clearly established law. Scott, therefore, is entitled to qualified immunity as to plaintiff's federal claims.

### Fourth Defense

Scott is immune from liability for plaintiff's state law claims pursuant to the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"), namely:

a) 745 ILCS 10/2-201

b) 745 ILCS 10/2-203

c) 745 ILCS 10/2-204

d) 745 ILCS 10/2-213.

### Fifth Defense

Plaintiff has made claims against the Board. Scott is an officer or agent of the Board. Therefore, the claims against Scott in his official capacity are redundant.

### Sixth Defense

With respect to the incidents and events alleged in the Complaint, Scott was not a final decision maker.

Answering the specific allegations of the Complaint, Scott admits, denies or otherwise avers as follows:

### FACTS

1. Moskowitz is an accomplished teacher who has taught in the Chicago public school system for 26 years. He is also the author of numerous test preparation and problem solving books. Moskowitz is a graduate of Northwestern University, with a B.S. in education, and a Masters Degree recipient in education from Roosevelt University.

**ANSWER:** Scott lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 1.

2. Moskowitz is a certified teacher with the State of Illinois, qualified to teach mathematics and sociology in high school as well as general science, mathematics and social science in upper elementary/junior high schools. At all times pertinent to this complaint, Moskowitz was a tenured teacher as that term is understood under the School Code, 105 ILCS 5/1 *et seq.* and as understood under the policies of the Board.

**ANSWER:** Scott ADMITS that at some point, Moskowitz was a teacher with Chicago Public Schools. Scott DENIES the allegations contained in the second sentence of paragraph 2. Scott lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 2.

3. On January 31, 2005, Moskowitz transferred from his position as a math teacher at National Teachers Academy to a math teacher position at Westinghouse Career Academy.

**ANSWER:** Scott lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph No. 3.

4. Without prior notice, Moskowitz was advised by correspondence dated May 16, 2005, from the Office of Instruction and School Management of the Chicago Public Schools that, effective the next day, he was temporarily reassigned from Westinghouse Career Academy to the Area 20 Office. That letter did not provide any specifics as to the reason for reassignment, and Moskowitz remained at Area 20 Office until the end of the school year on June 19, 2005.

**ANSWER:** **Scott lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 4.**

5. On May 20, 2005, Moskowitz was offered and accepted the math coordinator position at Jordan Community Academy, to commence on August 18, 2005. The position was offered to Moskowitz by the principal of Jordan Community Academy, Dr. Maurice Harvey.

**ANSWER:** **Scott lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 5.**

6. On May 23, 2005, Dr. Harvey informed Moskowitz that the transfer had been denied. Moskowitz learned that day from the personnel department of the Chicago Public Schools that the law department had blocked his transfer.

**ANSWER:** **Scott lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 6.**

7. It was not until June 27, 2005 that Moskowitz was telephoned by an individual who identified himself as a Board investigator. The Board investigator advised Moskowitz that he had been accused of improper touching of three students, and with inappropriate conversation with those students.

**ANSWER:** **Scott lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.**

8. On August 1, 2005, Moskowitz received a letter from Cheryl J. Colston, Director of Labor Relations for the Chicago Public Schools, advising that an investigatory conference would be held on August 18, 2005.

**ANSWER:** **Scott lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.**

9. An investigatory conference was held on August 18, 2005 with Mr. Thomas Owens presiding. No witnesses were presented against Moskowitz nor was he permitted an opportunity to obtain witnesses or exculpatory material on his behalf.

**ANSWER:** **Scott ADMITS the allegations contained in the first sentence of Paragraph No. 9. Scott lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 9.**

10. On August 23, 2005, Moskowitz received a letter from Jacquelyn D. Anderson, Deputy Chief Management Officer of the Chicago Public Schools, directing him to report to the Area 21 management support director on the first day for school year 2005-2006. Moskowitz was not returned to the classroom but reported each work day thereafter to the Area 21 management support director.

**ANSWER:** **Scott lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 10.**

11. On October 20, 2005, Moskowitz received a letter from Cheryl J. Colston, advising that, as a result of the investigatory conference held on August 18, 2005, his conduct was deemed "unbecoming a teacher with the Chicago Public Schools." The letter further stated, "you are hereby terminated effective immediately."

**ANSWER:** **ADMITTED.**

12. That decision adversely affected the legal rights, duties and privileges of Moskowitz and caused him pecuniary and non-pecuniary damages.

**ANSWER:** **DENIED.**

13. The charges against Moskowitz resulting in his termination are without merit and completely unfounded.

**ANSWER: DENIED.**

14. Although a tenured teacher, Moskowitz was not provided with any of the protections to which he was entitled under the School Code, 105 ILCS 5/34-85. None of the provisions of 105 ILCS 5/34-85 were afforded Moskowitz:

    a. Moskowitz received no written charges and specifications from the Board or superintendent.

    b. No opportunity for hearing was provided.

    c. No opportunity to select an impartial hearing officer was provided.

    d. No opportunity to remediate was provided.

    e. No written evaluations were considered by a hearing officer.

    f. No findings of fact and recommendations were entered or provided to Moskowitz.

    g. No review of a hearing officer's findings of fact and recommendation was undertaken by the Board.

**ANSWER:** **Scott DENIES plaintiff was entitled to the protections of 105 ILCS 5/34-85. Scott lacks knowledge or information sufficient to form a belief as to the truth of Subparagraph 14e. Scott DENIES the remaining allegations contained in Paragraph No. 14.**

15. Simply, Moskowitz was not afforded the protections of the School Code 105 ILCS 5/24-12 for dismissal of teachers in "contractual continued service."

**ANSWER:** **Scott DENIES plaintiff was entitled to the protections of 105 ILCS 5/24-12 and ADMITS the remaining allegations contained in Paragraph No. 15.**

6

16. Moskowitz seeks judicial review of the decision terminating his employment and the proceeding culminating in the decision, because the decision is erroneous, illegal and void, and was not taken pursuant to procedures for adjudicating termination as prescribed by the School Code.

**ANSWER:** **Scott ADMITS plaintiff seeks judicial review of the decision terminating his employment and the proceeding culminating in the decision. Scott DENIES the remaining allegations contained in Paragraph No. 16.**

## COUNT I
## ACTION FOR ADMINISTRATIVE REVIEW

17. For his allegations in paragraph 17 if this Complaint, Moskowitz realleges and restates as though fully set forth herein, the allegations set forth in paragraphs 1-16 above.

**ANSWER:** **Scott hereby incorporates by reference his answers to Paragraph Nos. 1 through 16, as if set forth herein in their entirety.**

18. The Board of Education of the City of Chicago is requested to file an answer consisting of the entire record of proceedings had in the Chicago Public Schools pertaining to the entry of the decision for which Moskowitz seeks judicial review. The record is to include any transcripts, exhibits, statement of matters officially noted, all exhibits received at the investigatory conference, all records regarding Moskowitz' status as a teacher within the Chicago Public Schools, all procedures and policies regarding termination of teachers within the Chicago Public Schools, and the decision of the investigatory conference officer pursuant to the provisions of the Illinois Administrative Review Act.

**ANSWER:** **For his answer to Count I, Scott adopts Defendant Board's Answer to Count I, including Exhibit A, which is a true, accurate and complete copy of the proceedings, exhibits and of all official papers on file in the Department of Labor**

Relations of the Board of Education of the City of Chicago affecting or relating to this count.

**WHEREFORE**, Plaintiff Mark S. Moskowitz requests that the record be judicially reviewed and the termination decision be wholly set aside as contrary to law and to the process to which Moskowitz was entitled; and that plaintiff be granted the following:

    A. Reversal of plaintiff's termination decision.

    B. Back-pay, pension benefits, insurance benefits, accrued sick leave and other fringe benefits for the time that plaintiff was improperly terminated and prior to reinstatement.

    C. An award of attorney's fees and costs incurred herein.

    D. Such further and other relief as this Court deems just and equitable.

**ANSWER:** Scott **DENIES** plaintiff is entitled to any of the alleged relief sought in this paragraph and/or its subparts A-D.

## COUNT II
## ACTION FOR MANDAMUS

19. For his allegations in paragraph 19 of this Complaint, Moskowitz realleges and restates as though fully set forth herein, the allegations set forth in paragraphs 1 through 14 above.

**ANSWER:** Scott hereby incorporates by reference his answers to Paragraph Nos. 1 through 14, as if set forth herein in their entirety.

20. Moskowitz represents that the Board was without authority to terminate his position as a tenured teacher without following the procedures of the School Code, 105 ILCS 5/34-85.

8

**ANSWER:** Scott DENIES plaintiff was entitled to the protections of 105 ILCS 5/34-85 and DENIES the remaining allegations contained in Paragraph No. 20.

21. Because Moskowitz was discharged illegally, this Court is authorized to reinstate him to his position, and Moskowitz is entitled to remain in his position as teacher until such time as the provisions of the School Code are properly followed and an appropriate decision is made with regard to his status.

**ANSWER: DENIED.**

**WHEREFORE,** Plaintiff Mark S. Moskowitz requests an order requiring the Board of Education of the City of Chicago to:

    A. Reverse plaintiff's termination decision.

    B. Reinstate plaintiff to his position as a teacher within the Chicago Public Schools.

    C. Award all back-pay, pension, benefits, insurance benefits, accrued sick leave and other fringe benefits for the time that plaintiff was improperly terminated and prior to reinstatement.

    D. An award of attorneys' fees and costs incurred herein.

    E. Such further and other relief as this Court deems just and equitable.

**ANSWER:** Scott DENIES plaintiff is entitled to any of the alleged relief sought in this paragraph and/or its subparts A-E.

## COUNT III
## ACTION FOR CONSTITUTIONAL VIOLATION (PROPERTY INTEREST)

22. For his allegations in paragraph 22 of this Complaint, Moskowitz realleges and restates as though fully set forth herein, the allegations set forth in paragraphs 1 through 21 above.

**ANSWER:** Scott hereby incorporates by reference his answers to Paragraph Nos. 1 through 21, as if set forth herein in their entirety.

23. Both the Constitution of the State of Illinois and the Constitution of the United States provide, in pertinent part, that "no person shall be deprived of life, liberty or property without due process of law..." (Constitution of the State of Illinois, Article I, Section 2; Constitution of the United States, Fourteenth Amendment, Section 1).

**ANSWER: ADMITTED.**

24. As a tenured teacher, Moskowitz had a property interest in his employment as a teacher in the Chicago Public Schools. In violation of his Constitutional rights, the Board deprived Moskowitz of his property interest by extinguishing his legitimate claim of entitlement to his job without due process of law.

**ANSWER: DENIED.**

25. Moskowitz's employment as a teacher in the Chicago Public School systems was subject to the provisions of the School Code and, in particular, its provisions relating to procedural due process.

**ANSWER:** **Scott ADMITS Moskowitz's employment as a teacher in the Chicago Public School system was subject to certain provisions of the School Code but DENIES plaintiff's employment was subject to the "procedural due process" provisions of the School Code.**

26. The Board was obligated to grant Moskowitz's hearing which would provide him all of the protections of the School Code pursuant to 105 ILCS 5/34-85.

**ANSWER: DENIED.**

**WHEREFORE,** Plaintiff Mark S. Moskowitz requests an order requiring the Board of Education of the City of Chicago to:
    A.    Reverse plaintiff's termination decision.

    B.    Reinstate plaintiff to his position as a teacher within the Chicago Public Schools.

  C. Award all back-pay, pension, benefits, insurance benefits, accrued sick leave and other fringe benefits for the time that plaintiff was improperly terminated and prior to reinstatement.

  D. An award of attorneys' fees and costs incurred herein.

  E. Such further and other relief as this Court deems just and equitable.

**ANSWER:** **Scott DENIES plaintiff is entitled to any of the alleged relief sought in this paragraph and/or its subparts A-E.**

## COUNT IV
## ACTION FOR CONSTITUTIONAL VIOLATION (LIBERTY INTEREST)

27. For his allegations in paragraph 27 of this Complaint, Moskowitz realleges and restates as though fully set forth herein, the allegations set forth in paragraphs 1 through 26 above.

**ANSWER:** **Scott hereby incorporates by reference his answers to Paragraph Nos. 1 through 26, as if set forth herein in their entirety.**

28. As a tenured teacher, Moskowitz had a "liberty interest" in pursuing the occupation of his choice.

**ANSWER:** **DENIED.**

29. The Board deprived him of his liberty interest in pursuing his occupation as teacher by disseminating false allegations regarding his performance as a teacher at Westinghouse Career Academy.

**ANSWER:** **DENIED.**

30. The actions taken by the Board have stigmatized plaintiff.

**ANSWER:** **DENIED.**

31. On information and belief, the stigmatizing information has been publicly disclosed.

**ANSWER:** **DENIED.**

32. Moskowitz suffered termination as a result of the action of the Board, and in so doing has made it virtually impossible for Moskowitz to find new employment as a teacher.

**ANSWER:** **Scott ADMITS plaintiff was terminated from his employment with the Board. Scott DENIES the remaining allegations contained in Paragraph No. 32.**

WHEREFORE, Plaintiff Mark S. Moskowitz requests an order requiring the Board of Education of the City of Chicago to:

    A. Reverse plaintiff's termination decision.

    B. Reinstate plaintiff to his position as a teacher within the Chicago Public Schools.

    C. Award all back-pay, pension, benefits, insurance benefits, accrued sick leave and other fringe benefits for the time that plaintiff was improperly terminated and prior to reinstatement.

    D. An award of attorneys' fees and costs incurred herein.

    E. Such further and other relief as this Court deems just and equitable.

**ANSWER:** **Scott DENIES plaintiff is entitled to any of the alleged relief sought in this paragraph and/or its subparts A-E.**

## COUNT V
## ACTION FOR DECLARATORY RELIEF

33. For his allegations in paragraph 33 of this Complaint, Moskowitz realleges and restates as though fully set forth herein, the allegations set forth in paragraphs 1 through 21 above.

**ANSWER:** **Scott hereby incorporates by reference his answers to Paragraph Nos. 1 through 21, as if set forth herein in their entirety.**

34. There is an actual controversy between the parties as to Moskowitz's entitlement to the protections of the School Code.

**ANSWER: ADMITTED.**

35. The underlying facts and issues of this case are neither moot nor premature, but reflect a concrete dispute requiring the immediate and definitive determination of the parties' rights.

**ANSWER: ADMITTED.**

**WHEREFORE**, Plaintiff Mark S. Moskowitz requests that this Court declare that he is a tenured teacher within the Chicago Public School systems and entitled to the protections of the School Code prior to any termination.

**ANSWER: Scott DENIES plaintiff is entitled to any of the alleged relief sought in this paragraph.**

## JURY DEMAND

Scott seeks a trial by jury in this case.

Respectfully submitted,

PATRICK J. ROCKS
General Counsel

By: s/Linda Hogan
Linda Hogan
Assistant General Counsel
Board of Education for the City
of Chicago - Law Department
125 South Clark Street, Suite 700
Chicago, IL 60603
(773) 553-1700

Susan M. O'Keefe – Associate General Counsel, Litigation

13

## CERTIFICATE OF SERVICE

I, Linda Hogan, an attorney do hereby certify that I caused the attached **Defendant Scott's Answer and Affirmative Defenses and Jury Demand to Plaintiff's Complaint for Administrative Review and Other Relief** to be served upon counsel of record *via* CM-ECF E-Filing pursuant to General Order on Electronic Case Filing, Section XI(C), on this 13th day of April, 2007.

<u>s/ Linda Hogan</u>
Linda Hogan
Assistant General Counsel
Board of Education of the City of Chicago
125 South Clark Street, Suite 700
Chicago, Illinois 60603